**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| **JOAN MIGLIACCIO,** individually and on behalf of all others similarly situated,<br><br>      Plaintiff,<br>v.<br><br>**PARKER HANNIFIN CORPORATION,**<br><br>     Defendant. | Case No. 1:22-CV-00835<br><br><br>**Judge Dan Aaron Polster**<br><br><br>Complaint filed May 20, 2022 |
| **GARY ROWE,** individually and on behalf of all others similarly situated,<br><br>      Plaintiff,<br>v.<br><br>**PARKER HANNIFIN CORPORATION,**<br><br>     Defendant. | Case No. 1:22-CV-00852<br><br><br>**Judge Bridget Meehan Brennan**<br><br>Complaint filed May 23, 2022 |
| **MICHELLE MULANAX,** individually and on behalf of all others similarly situated,<br><br>      Plaintiff,<br>v.<br><br>**PARKER-HANNIFIN CORPORATION,**<br><br>     Defendant. | Case No. 1:22-CV-00891<br><br><br>**Judge J. Philip Calabrese**<br><br><br>Complaint filed May 27, 2022 |
| **EVELYN HARRIS,** individually and on behalf of all others similarly situated,<br><br>      Plaintiff,<br>v.<br><br>**PARKER-HANNIFIN CORPORATION,**<br><br>     Defendant. | Case No. 1-22-CV-00943<br><br>**Judge Charles E. Fleming**<br><br>Complaint filed June 3, 2022 |

## MEMORANDUM OF LAW IN SUPPORT OF PLAINTFFS'
## UNOPPOSED MOTION TO CONSOLIDATE

**I.      INTRODUCTION**

Four related putative nationwide class actions are currently pending before this Court: *Migliaccio v. Parker Hannifin Corp.*, No. 1:22-CV-00835 (filed May 20, 2022); *Rowe v. Parker Hannifin Corp.*, No. 1:22-CV-00852 (filed May 23, 2023);*Mulanax v. Parker-Hannifin Corp.*, No. 1:22-CV-00891 (filed May 27, 2022); and *Harris* v. *Parker-Hannifin Corp.*, No. 1:22-CV-00943 (filed June 3, 2022) (collectively, the "Related Actions"). Each Related Action arises from the same set of operative facts involving a cyberattack on Defendant Parker Hannifin's ("Parker" or "Defendant") computer systems in the spring of 2022 ("the Cyberattack"). As discussed below, each Related Action raises the same questions of fact and law. As such, in an effort to avoid unnecessary cost and delay, Plaintiffs Joan Migliaccio, Gary Rowe, and Michelle Mulanax (collectively, "Plaintiffs"), by and through their undersigned counsel, respectfully submit this Memorandum in Support of the Motion for Consolidation ("the Motion"), pursuant to Federal Rule of Civil Procedure 42(a) ("Rule 42(a)") and Local Rule 3.1(b)(3). Plaintiffs' counsel has consulted with Defense counsel who is unopposed to this Motion.

**II.     PLAINTIFFS' COMMON FACTUAL ALLEGATIONS.**

Plaintiffs in each of the Related Actions allege that their sensitive and private information was compromised in the same Cyberattack on Defendants' computer systems. *Migliaccio*, Doc. 1, at ¶¶ 1, 2; *Rowe*, Doc. 1, at ¶¶ 2, 21; *Mulanax*, Doc. 1, at ¶¶ 1, 20; *Harris*, Doc.1, at ¶¶13, 21. Each of the Related Actions name the same Defendant, which is nationwide manufacturing company with its corporate headquarters located in Mayfield Heights, Ohio. *Migliaccio*, Doc. 1, at ¶ 14; *Rowe*, Doc. 1, at ¶ 14; *Mulanax*, Doc. 1, at ¶ 15; *Harris*, Doc.1, at ¶ 6. Plaintiffs are all current or former employees of Defendant, or dependents of current or former employees, who received the

same notice letter from Defendant notifying them that their Private Information was compromised in a cyberattack on Defendant's systems in March of 2022 ("Breach Letter"). *Migliaccio*, Doc. 1, at ¶ 9; *Rowe*, Doc. 1, at ¶¶ 2, 59; *Mulanax*, Doc. 1, at ¶¶ 1, 60; *Harris*, Doc.1, at ¶¶8,17. Plaintiffs allege that the types of sensitive information exposed involved in each of the Action includes: full names, Social Security numbers, dates of birth, addresses, driver's license number, U.S. Passport numbers, financial information including bank accounts and routing numbers, online account usernames and passwords, and health information including health insurance plan ID numbers, dates of coverage, dates of service, provider names, claims information, and medical and clinical treatment information ("Private Information"). *Migliaccio*, Doc. 1, at ¶ 1, 9; *Rowe*, Doc. 1, at ¶ 2; *Mulanax*, Doc. 1, at ¶ 1; *Harris*, Doc.1, at ¶ 15. Furthermore, Plaintiffs commonly allege it was the same types of cybersecurity failures that created the risk and allowed the Cyberattack to occur. *Migliaccio*, Doc. 1, at ¶ 26; *Rowe*, Doc. 1, at ¶ 6; *Mulanax*, Doc. 1, at ¶ 7; *Harris*, Doc.1, at ¶ 20.

## III.    PLAINTIFFS' COMMON LIABILTIY ALLEGATIONS

In addition, the Related Actions each advance at least one common theory of liability among various other claims, which include the following causes of action against Defendant: (i) negligence, (ii) negligence per se; (iii) breach of contract, (iv) breach of implied contract, (v) unjust enrichment, (vi) and breach of fiduciary duty and (vii) a violation of New York General Business Law § 349, (viii) invasion of privacy-intrusion upon seclusion; (iv) breach of confidence; and (v) declaratory relief. To the extent the Court permits consolidation, Plaintiffs will work together to submit one consolidated complaint on behalf of each Plaintiff and the putative Class.

## IV.    PLAINTIFFS SEEK COMMON REMEDIES UNDER SIMILAR CLASS DEFINTIONS.

Each of the Related Actions seek nationwide class action treatment and request the same type of remedies and compensation for the individuals impacted by the Cyberattack.  The remedies

collectively sought include compensatory damages related to economic losses allege to be caused by the Cyberattack among other common remedies sought. *Migliaccio*, Doc. 1, at PageID# 53; *Rowe*, Doc. 1, at PageID# 26; *Mulanax* Doc. 1, at PageID# 27; *Harris*, Doc.1, at PageID# 6. Furthermore, Plaintiff each seek to certify these damages classes with substantially similar class definitions:

| Case Name | Class Definitions |
|---|---|
| *Migliaccio v. Parker* (Doc. 1, ¶ 111) | Nationwide Class:<br>All persons nationwide who Private Information was compromised as a result of the Data Breach discovered on or about March of 2022 and who were sent notice of the Data Breach. |
| *Rowe v. Parker* (Doc. 1, ¶ 59). | Nationwide Class:<br>All persons Defendant identified as being among those individuals impacted by the Data Breach, including all who were sent a notice of the Data Breach. |
| *Mulanax v. Parker* (Doc. 1, ¶ 60). | Nationwide Class:<br>All persons Defendant identified as being among those individuals impacted by the Data Breach, including all individuals who were sent a Notice of Data Breach whose (1) personally identifiable information was accessed and/or (2) personal healthcare information was accessed by unauthorized third parties. |
| *Harris v. Parker* (Doc. 1, ¶ 40). | Nationwide Class:<br>All persons whose PII was maintained on Defendant Parker Hannifin Corporation's servers that were compromised in the Data Breach. |

As such, the Related Actions present common factual and legal questions, which will involve the same and/or similar discovery. Accordingly, consolidation of this litigation under Rule 42(a) would promote efficiency in the discovery process, consistency in judicial rulings, and would likely reduce duplication, costs, and delay.

## V.     ARGUMENT

By this motion, Plaintiffs request that the Related Actions—which involve common questions of fact and law and seek to certify materially similar classes—be consolidated:

### I.     The Related Actions should be consolidated to reduce costs and delay.

Plaintiffs respectfully request and jointly agree that the Related Actions be consolidated. The power to consolidate related actions falls within the broad inherent authority of every court "to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co*., 299 U.S. 248, 254 (1936). Consolidation of actions in federal court is governed by Rule 42 of the Federal Rules of Civil Procedure, which provides:

> When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all the matters in issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay.

Rule 42(a); *see also Bell v. Willis*, No. 1:07-CV-212, 2007 WL 4338135, at *1 (E.D. Tenn. Dec. 10, 2007) ("Federal Rule of Civil Procedure 42(a) provides the Court with discretion in deciding whether to consolidate two or more cases when they involve a common question of law or fact. Fed.R.Civ.P. 42(a)2; *see also*, *Cantrell v. GAF Corp*., 999 F.2d 1007, 1010-1011 (6th Cir.1993). A district court is given "broad discretion to decide whether consolidation would be desirable." 9 CHARLES ALAN WRIGHT & ARTHUR MILLER, FEDERAL PRACTICE AND PROCEDURE § 2383 (2d ed.2007)").

Here, consolidation of the Related Actions is warranted, as the Related Actions raise the same questions of law and arise from the same set of facts surrounding the Cyberattack. Specifically, each of the Related Actions focuses on whether Defendant is liable to its current and former employees, or their dependents, for its failure to protect their Private Information with

which it was entrusted. The Related Actions present the same factual and legal questions with respect to the formation of a duty and breach of that duty; involve the same defendant; involve the same Cyberattack, and involve the same types of Private Information. Undersigned Plaintiffs' counsel in each Related Action anticipate that each Related Action would involve substantially the same discovery and that consolidation would add efficiency and consistency in judicial rulings, reduce delay and cost. *See Club v. ICG Hazard, LLC*, No. 11-cv-148, 2012 WL 12925351, at *2 (E.D. Ky. Apr. 25, 2012) ("I find these actions involve common questions of law and fact and that consolidation is appropriate to avoid unnecessary costs and delay and to maximize judicial resources.").

Indeed, if not consolidated, the separate Related Actions would result in virtually identical discovery requests, duplicative motions practice, and would cause an unnecessary drain on judicial resources. And this is true despite minor variations in class definitions and state-specific causes of action in the Related Actions. As explained in *Kaplan v. 21st Century Oncology Holdings, Inc.*, where the court granted a motion to consolidate various class complaints in a Cyberattack case:

> Applying the relevant factors from *Hendrix*, the Undersigned first finds that there is a substantial threat of inconsistent adjudications of common factual and legal issues if the cases are allowed to proceed separately. As stated above, all of the cases are pled as class actions and all of the cases allege a negligence claim. The majority of the cases share other substantive claims as well.…
>
> Second, the Undersigned finds that the burden on parties, witnesses, and available judicial resources will be substantially lessened by consolidation. *Id.* On this point, the Court notes that all of the named Defendants in the thirteen related case are represented by the same counsel of record and none of the Defendants have objected to consolidation for pretrial purposes. Further, no named Plaintiffs in any of the cases have objected to consolidation for pretrial purposes. Moreover, the Undersigned finds that judicial resources will be substantially conserved by administering one consolidated case for pretrial purposes rather than proceeding with thirteen separate cases.
>
> Third, the length of time required to conclude a consolidated lawsuit instead of multiple suits is likely to be significantly lessened and, therefore, weighs in favor

of consolidation.

Finally, the relative expense to all parties concerned—particularly with regard to discovery—is highly likely to be lessened by litigating in one consolidated case rather than litigating in thirteen separate cases.

Accordingly, consolidation of these cases not only serves to satisfy the standards set forth in Fed. R. Civ. P. 42(a), Local Rule 1.04(c), and *Hendrix*, but also to "secure the just, speedy, and inexpensive determination" of these proceedings.

*Kaplan v. 21st Century Oncology Holdings, Inc.*, No. 2:16-cv-210, 2016 WL 9383330, at *2-3 (M.D. Fla. July 21, 2016), *report and recommendation adopted*, No. 2:16-cv-210, 2016 WL 4204781 (M.D. Fla. Aug. 10, 2016). Ohio federal courts have routinely consolidate cases where several complaints are filed relating to the same data breach. *See generally Tate v. EyeMed Vision Care, LLC*, No. 1:21-cv-00055-DRC (S.D. Ohio); *In re Luxottica of America, Inc Data Security Breach Litigation*, No. 1:20-cv-00908-MRB (S.D. Ohio; Doc. 5); *Tucker v. Marietta Area Health Care, Inc. d/b/a Memorial Health System*, No. 2:22-cv-00184-SDM (S.D. Ohio; Doc. 6).

In addition, to ensure continued judicial efficiency, Plaintiffs also respectfully submit that the Court should order that any future actions that are filed or transferred to this Court based on the same or similar facts and circumstances be consolidated with this case. *See, e.g.*, *Troy Stacy Enterprises Inc. v. Cincinnati Ins. Co.*, 337 F.R.D. 405, 411 (S.D. Ohio 2021) ("All related actions that are subsequently filed in, or transferred to, this District shall be consolidated into this action."); *In re Luxottica of America*, No. 1:20-cv-00908-MRB (S.D. Ohio; Doc. 5, ¶ 5) ("Each new case that arises out of the subject matter of the Consolidated Action which is filed in this Court or transferred to this Court, shall be consolidated with the Consolidated Action and this Order shall apply hereto…").

Defendant does not oppose consolidation of the Related Actions and agrees that consolidation of the Related Actions therefore inure to the benefit of all parties involved.

## II.     Proposed Scheduling Order

For efficiency purposes, the Parties have conferred, and Plaintiffs propose the following schedule for upcoming briefing,

1.     Plaintiffs shall file a consolidated amended complaint within thirty (30) days from the Court's approval of the Unopposed Motion to Consolidate; and,

2.     Defendant shall have 30 days from filing of the consolidated amended complaint to file an Answer or Motion to Dismiss; Plaintiffs shall have 30 days thereafter to file their opposition to a Motion to Dismiss; and Defendant shall have 21 days thereafter to file a reply in support.

## CONCLUSION

For all of the foregoing reasons, Plaintiffs respectfully request that the Related Actions be consolidated for all purposes.

Respectfully submitted,

*/s/ Joseph M. Lyon*
Joseph M. Lyon (0076050)
**THE LYON FIRM, LLC**
2754 Erie Avenue
Cincinnati, OH 45208
Phone: (513) 381-2333
Fax: (513) 766-9011
*jlyon@thelyonfirm.com*

*/s/ Terence R. Coates*
**MARKOVITS, STOCK & DEMARCO, LLC**
Terence R. Coates (0085579)
119 E. Court Street, Suite 530
Cincinnati, OH 45202
Phone: (513) 651-3700
Fax: (513) 665-0219
*tcoates@msdlegal.com*

Gary M. Klinger (*pro hac vice* forthcoming)
**MILBERG COLEMAN BRYSON PHILLIPS GROSSMAN, PLLC**
221 West Monroe Street, Suite 2100
Chicago, IL 60606
(847) 208-4585
*gklinger@milberg.com*

David K. Lietz (*pro hac vice* forthcoming)
**MILBERG COLEMAN BRYSON PHILLIPS GROSSMAN, PLLC**
5335 Wisconsin Avenue NW, Suite 440
Washington, D.C. 20115
(866) 252-0878
*dlietz@milberg.com*

Marc E. Dann (0039425)
Brian D. Flick (0081605)
Michael Smith (0097147)
**DANN LAW**
15000 Madison Avenue
Lakewood, OH 44107
(216) 373-0539 telephone
(216) 373-0536 facsimile
*notices@dannlaw.com*

Thomas A. Zimmerman, Jr. (*pro hac vice* anticipated)
**ZIMMERMAN LAW OFFICES, P.C.**
77 W. Washington Street, Suite 1220
Chicago, Illinois 60602
(312) 440-0020 telephone
(312) 440-4180 facsimile
www.attorneyzim.com
*tom@attorneyzim.com*
*firm@attorneyzim.com*

Jeffrey S. Goldenberg (0063771)
Todd B. Naylor (0068388)
Robert B. Sherwood (0084363)
**GOLDENBERG SCHNEIDER, LPA**
4445 Lake Forest Drive, Suite 490
Cincinnati, Ohio 45242
Phone: (513) 345-8291
Facsimile: (513) 345-8294
*jgoldenberg@gs-legal.com*

*tnaylor@gs-legal.com*

Charles E. Schaffer (pro hac vice forthcoming)
**LEVIN, SEDRAN & BERMAN**
510 Walnut Street, Suite 500
Philadelphia, PA 19106
Phone: (215) 592-1500
*cschaffer@lfsblaw.com*

*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on June 7th, 2022, the foregoing was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.

*/s/ Joseph M. Lyon*
Joseph M. Lyon (0076050)