# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## NORTHERN DIVISION

JOLYNNE CHRISTIANSEN, JOHN DOE, )
EVELYN HARRIS, DANIEL )
MCCORMICK, JOAN MIGLIACCIO, )
MICHELLE MULANAX, GARY ROWE, )
DAVID YANCEY, and KELLY ROSAL, )
*individually and on behalf of all others* )
*similarly situated*, )
  )
        Plaintiffs, )
  )
v. )
  )
PARKER HANNIFIN CORPORATION, )
  )
        Defendant. )

Case No. 1:22-cv-835

Judge Hon. Dan Aaron Polster

**ORDER GRANTING
PRELIMINARY APPROVAL OF
CLASS ACTION SETTLEMENT**

Before this Court is Plaintiffs' Unopposed Motion for Preliminary Approval of Class Action Settlement ("Motion"). The Court has reviewed the Motion and Settlement Agreement between Plaintiffs and Defendant Parker-Hannifin Corporation. After reviewing Plaintiffs' unopposed request for preliminary approval, this Court grants the Motion and preliminarily concludes that the proposed Settlement is fair, reasonable, and adequate.

IT IS HEREBY ORDERED THAT:

1.     The Settlement Agreement,[1] including the proposed notice plan and forms of notice to the Class, the appointment of Plaintiffs Jolynne Christiansen, John Doe, Evelyn Harris, Daniel McCormick, Joan Migliaccio, Michelle Mulanax, Gary Rowe, and David Yancey as the Class Representatives, the appointment of Class Counsel for Plaintiffs and the Class, the approval of Kroll Settlement Administration, LLC as the Settlement Administrator, the various forms of class

---

[1] All capitalized terms used in this Order shall have the same meanings as set for in the Settlement Agreement.

relief provided under the terms of the settlement and the proposed method of distribution of settlement benefits, are fair, reasonable, and adequate, subject to further consideration at the Fairness Hearing described below.

2.      The Court does hereby preliminarily and conditionally approve and certify, for settlement purposes, the following Class:

> **All natural persons residing in the United States who were sent a Notice Letter notifying them that their Private Information was compromised in the Data Incident.[2]**

3.      Based on the information provided: the Class is ascertainable; it consists of roughly 115,843 Class Members satisfying numerosity; there are common questions of law and fact including whether Defendant failed to implement and maintain reasonable security procedures and practices appropriate to the nature and scope of the information compromised in the Data Breach, satisfying commonality; the proposed Class Representatives' claims are typical in that they are members of the Class and allege they have been damaged by the same conduct as the other members of the Class; the proposed Class Representatives and Class Counsel fully, fairly, and adequately protect the interests of the Class; questions of law and fact common to members of the Class predominate over questions affecting only individual members for settlement purposes; and a class action for settlement purposes is superior to other available methods for the fair and efficient adjudication of this Action.

4.      The Court appoints Plaintiffs Jolynne Christiansen, John Doe, Evelyn Harris, Daniel McCormick, Joan Migliaccio, Michelle Mulanax, Gary Rowe, and David Yancey as the Class Representatives.

---

[2] "Data Incident" shall mean the cybersecurity incident against Parker Hannifin giving rise to the Action.

5.      The Court appoints Terence R. Coates of Markovits, Stock & DeMarco, LLC and Joseph M. Lyons of The Lyon Firm as Class Counsel for the Class.

6.      The Court appoints Kroll Settlement Administration, LLC as the Settlement Administrator.

7.      A Final Fairness Hearing shall be held via Zoom on **August 2, 2023 at 2:00 p.m.** for the following purposes:

   a. To determine whether the proposed Settlement is fair, reasonable, and adequate to the Class and should be approved by the Court;

   b. To determine whether to grant Final Approval, as defined in the Settlement Agreement;

   c. To determine whether the notice plan conducted was appropriate;

   d. To determine whether the claims process under the Settlement is fair, reasonable and adequate and should be approved by the Court;

   e. To determine whether the requested Class Representative Service Awards of $3,500.00 each, and Class Counsel's combined attorneys' fees, of up to 1/3 of the Settlement Fund ($533,333.33), litigation expenses up to $15,000.00 should be approved by the Court;

   f. To determine whether the settlement benefits are fair, reasonable, and adequate; and,

   g. To rule upon such other matters as the Court may deem appropriate.

8.      The Court approves, as to the form and content, the Notices (including the Short Notice). Furthermore, the Court approves the implementation of the Settlement Website and the proposed methods of mailing or distributing the notices substantially in the form as presented in the exhibits to the Motion for Preliminary Approval of Class Action Settlement, and finds that

such notice plan meets the requirements of Fed. R. Civ. P. 23 and due process, and is the best

notice practicable under the circumstances, and shall constitute due and efficient notice to all

persons or entities entitled to notice.

9.      The Court preliminarily approves the following Settlement Timeline for the

purposes of conducting the notice plan, settlement administration, claims processing, and other

execution of the proposed Settlement:

## SETTLLEMENT TIMELINE

| From Order Granting Preliminary Approval | |
|---|---|
| Defendant provides list of Class Members to the Settlement Administrator, if necessary | March 28, 2023 |
| Long and Short Notices Posted on the Settlement Website | March 28, 2023 |
| Notice Deadline | April 14, 2023 |
| Class Counsel's Motion for Attorneys' Fees, Reimbursement of Litigation Expenses, and Class Representative Service Awards | May 30, 2023 |
| Objection Deadline | June 14, 2023 |
| Exclusion Deadline | June 14, 2023 |
| Settlement Administrator Provide List of Objections/Exclusions to the Parties' counsel | June 26, 2023 |
| Claims Deadline | July 14, 2023 |
| | |
| **Final Approval Hearing** | August 2, 2023 at 2:00 p.m. |
| Motion for Final Approval | By 12:00 p.m. on July 19, 2023 |
| | |
| **From Order Granting Final Approval** | |
| Effective Date | September 4, 2023, assuming no appeal has been taken. See definition of Final in the Agreement. |
| Payment of Attorneys' Fees and Expenses Class Representative Service Awards | September 18, 2023 |
| Payment of Claims to Settlement Class Members | October 9, 2023 |
| Settlement Website Deactivation | May 3, 2024 |

10.     In order to be a timely claim under the Settlement, a Claim Form must be either

postmarked or received by the Settlement Administrator no later than 90 days after the Notice

Date. Class Counsel and the Settlement Administrator will ensure that all specific dates and

deadlines are added to the Class Notice and posted on the Settlement Website after this Court enters this Order in accordance with the timeline being keyed on the grant of this Order.

11.    Additionally, all requests to opt out or object to the proposed Settlement must be received by the Settlement Administrator no later than 60 days after the Notice Date. Any request to opt out of the Settlement should, to the extent possible, contain words or phrases such as "opt-out," "opt out," "exclusion," or words or phrases to that effect indicating an intent not to participate in the settlement or be bound by this Agreement) to Kroll. Opt-Out notices shall not be rejected simply because they were inadvertently sent to the Court or Class Counsel so long as they are timely postmarked or received by the Court, Kroll, or Class Counsel. Class Members who seek to Opt-Out shall receive no benefit or compensation under this Agreement.

12.    Class Members may submit an objection to the proposed Settlement under Federal Rule of Civil Procedure 23(e)(5). For an Objection to be valid, it must be filed with the Court within 60 days of the Notice Date and include each and all of the following:

(i)      his/her full name, address, and current telephone number;

(ii)     the name and number of this case;

(iii)    all grounds for the objection, with factual and legal support for the stated objection, including any supporting materials;

(iv)    the identification of any other objections he/she has filed, or has had filed on his/her behalf, in any other class action cases in the last four years; and,

(v)     the objector's signature. If represented by counsel, the objecting Settlement Class Member must also provide the name and telephone number of his/her counsel. If the objecting Settlement Class Member intends to appear at the Final Approval Hearing, either with or without counsel, he/she must state as such in the written

objection, and must also identify any witnesses he/she may call to testify at the

Final Approval Hearing and all exhibits he/she intends to introduce into evidence

at the Final Approval Hearing, which must also be attached to, or included with,

the written objection.

Any Objection failing to include the requirements expressed above will be deemed to be

invalid. Furthermore, any Class Member objecting to the Settlement agrees to submit to any

discovery related to the Objection. Any Class Member objection to the Settlement agrees to submit

to any discovery related to the Objection.

13.     All Settlement Class Members shall be bound by all determinations and judgments

in this Action concerning the Settlement, including, but not limited to, the release provided for in

the Settlement Agreement, whether favorable or unfavorable, except those who timely and validly

request exclusion from the Class. The persons and entities who timely and validly request

exclusion from the Class will be excluded from the Class and shall not have rights under the

Settlement Agreement, shall not be entitled to submit Claim Forms, and shall not be bound by the

Settlement Agreement or any Final Approval order as to Parker-Hannifin in this Action.

14.     Pending final determination of whether the Settlement Agreement should be

approved, Plaintiffs and the Class are barred and enjoined from commencing or prosecuting any

claims asserting any of the Released Claims against Parker-Hannifin.

15.     The Court reserves the right to adjourn the date of the Fairness Hearing without

further notice to the potential Class Members, and retains jurisdiction to consider all further

requests or matters arising out of or connected with the proposed Settlement. The Court may

approve the Settlement, with such modification as may be agreed to by the Parties or as ordered

by the Court, without further notice to the Class.

IT IS SO ORDERED.

*/s/ Dan Aaron Polster*
The Honorable Dan A. Polster
United States District Judge