# EXHIBIT 1

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# NORTHERN DIVISION

| | |
|---|---|
| JOLYNNE CHRISTIANSEN, JOHN DOE, EVELYN HARRIS, DANIEL MCCORMICK, JOAN MIGLIACCIO, MICHELLE MULANAX, GARY ROWE, DAVID YANCEY, and KELLY ROSAL, *individually and on behalf of all others similarly situated*, <br><br> Plaintiffs, <br><br> v. <br><br> PARKER HANNIFIN CORPORATION, <br><br> Defendant. | Case No. 1:22-cv-835 <br><br> Judge Hon. Dan Aaron Polster <br><br> **DECLARATION OF TERENCE R. COATES IN SUPPORT OF PLAINTIFFS' MOTION FOR ATTORNEYS' FEES, EXPENSES, AND CLASS REPRESENTATIVE SERVICE AWARDS** |

I, Terence R. Coates, hereby state that the following is true and accurate and based on my personal knowledge:

1. I am the managing partner of the law firm Markovits, Stock & DeMarco, LLC ("MSD"). I am one of the Co-Lead Class Counsel for Plaintiffs in this matter along with Joseph M. Lyon from the Lyon Firm, LLC representing Plaintiffs and the putative Class and have monitored my firm's and the other Plaintiffs' firms' participation in this matter from 2022 to the present. The contents of this Declaration are based upon my own personal knowledge, my experience in handling many class action cases, and the events of this litigation.

2. As a member of Class Counsel, my firm has been centrally involved in all aspects of this litigation from the initial investigation to the present. My co-counsel, Joseph M. Lyon, and I have been the primary points of contact for Plaintiffs and Class Counsel with counsel for Parker Hannifin Corporation ("Parker Hannifin"). Class Counsel and Parker Hannifin's counsel are experienced in class action litigation. Class Counsel and the rest of Plaintiffs' Counsel undertook

1

this matter on a contingency fee basis with the risk of achieving no recovery at all. Additionally, Class Counsel and Plaintiffs' Counsel have incurred reasonable litigation expenses that remain unreimbursed.

3. I have been practicing law since 2009 and have extensive experience handling complex class action cases. I am currently participating as a member of plaintiffs' counsel in over 70 data breach and data privacy cases pending around the country, including serving as co-lead counsel or a member of plaintiffs' counsel in: *Phillips v. Bay Bridge Administrators, LLC*, No. 1:23-CV-022 (W.D. Tex.) (court-appointed interim class counsel in data breach class action); *Federman v. Cerebral, Inc.*, No. 2:23-cv-01803 (C.D. Cal.) (court-appointed interim co-lead class counsel for plaintiffs in pixel tracking privacy class action); *Abrams v. Savannah College of Art & Design*, No. 1:22-CV-04297 (N.D. Ga.) (court-appointed class counsel for preliminarily-approved data breach class action settlement); *John v. Advocate Aurora Health, Inc.*, No. 22-CV-1253-JPS (E.D. Wis.) (court-appointed interim co-lead class counsel for plaintiffs in pixel tracking privacy class action); *In re U.S. Vision Data Breach Litigation*, No. 22-cv-06558 (D. N.J.) (court-appointed interim co-lead class counsel for plaintiffs); *Tucker v. Marietta Area Health Care, Inc.*, No. 2:22-cv-00185 (S.D. Ohio) (court-appointed interim co-lead class counsel for plaintiffs for $1,750,000 data breach class action settlement for roughly 216,000 class members); *Vansickle v. C.R. England*, No. 22-cv-00374 (D. Utah; Doc. 22, August 16, 2022) (court-appointed interim co-lead counsel in consolidated data breach class action); *Sherwood v. Horizon Actuarial Services, LLC*, No. 1:22-cv-1495 (N.D. Ga.; Doc. 16, May 12, 2022) (court-appointed interim class counsel in a data breach class action); *Rodriquez v. Professional Finance Company, Inc.*, No. 1:22-cv-01679-RMR-STV, ECF No. 23 (D. Colo.; court-appointed interim class counsel); *Tracy v. Elekta, Inc.*, No. 1:21-cv-02851-SDG (N.D. Ga.) (court-appointed interim class counsel in a data breach class

action); *In re Luxottica of America, Inc. Data Security Breach Litigation*, No. 1:20-cv-00908-MRB (S.D. Ohio) (court-approved interim co-liaison counsel); *Tate v. EyeMed Vision Care, LLC*, No. 1:21-cv-00036 (S.D. Ohio) (court-approved liaison counsel); *In re 20/20 Eye Care Network Inc. Data Breach Litigation*, No. 21-cv-61275 RAR (S.D. Fla.) (Plaintiffs' Executive Committee); *Baker v. ParkMobile, LLC*, No. 1:21-cv-02182 (N.D. Ga.) (Plaintiffs' Steering Committee); *Lutz v. Electromed, Inc.*, No. 0:21-cv-02198 (D. Minn.) (court-appointed co-lead counsel $825,000 common fund data breach class action settlement for roughly 47,000 class members); *In re Herff Jones Data Security Breach Litigation*, No. 1:21-cv-01329-TWP-DLP (S.D. Ind.) (plaintiffs' counsel in approved $4.35 million common fund settlement); *In re CaptureRx Data Breach Litigation*, No. SA-21-CV-00523 (W.D. Tex.) (plaintiffs' counsel in a $4.75 million common fund settlement); *In re Gallagher Data Breach Litigation*, No. 1:21-cv-04056, (N.D. Ill.); *In re Netgain Technology, LLC, Consumer Data Breach Litigation*, No. 21-cv-1210, (D. Minn.; Plaintiffs' Executive Committee); *Medina v. PracticeMax Inc.*, No. CV-22-01261 (D. Ariz.) (court-appointed Executive Leadership Committee); *Devine v. Health Aid of Ohio, Inc.*, No. CV-21-948117 (Cuyahoga County Court of Common Pleas, Ohio) (co-lead counsel for plaintiffs); *Engle v. Talbert House*, No. A 2103650 (Hamilton County Court of Common Pleas, Ohio) (co-lead counsel for plaintiffs for a data breach class action settlement valued at over $50,000,000); *Bae v. Pacific City Bank*, No. 21STCV45922 (Los Angeles County Superior Court) (proposed class counsel in $700,000 common fund data breach class action settlement for roughly 15,000 class members); and *In re Pawn America Consumer Data Breach Litigation*, No. 0:21-cv-02554 (D. Minn.) (plaintiffs' counsel).

4. Federal courts have recognized me and my firm as experienced in handling complex cases including class actions. *Shy v. Navistar Int'l Corp.*, No. 3:92-CV-00333, 2022 WL

3

2125574, at *4 (S.D. Ohio June 13, 2022) ("Class Counsel, the law firm Markovits, Stock & DeMarco, LLC, are qualified and are known within this District for handling complex cases including class action cases such as this one."); *Bechtel v. Fitness Equip. Servs., LLC*, 339 F.R.D. 462, 480 (S.D. Ohio 2021) ("plaintiffs' attorneys have appeared in this Court many times and have substantial experience litigating class actions and other complex matters."); *Schellhorn v. Timios, Inc.*, No. 2:221-cv-08661, 2022 WL 4596582, at *4 (C.D. Cal. May 10, 2022) (noting that Class Counsel, including "Terence R. Coates of Markovits, Stock & DeMarco, LLC, have extensive experience litigation consumer protection class actions …."); *Bedont v. Horizon Actuarial Services, LLC*, No. 1:22-CV-01565, 2022 WL 3702117, at *2 (N.D. Ga. May 12, 2022) (noting that class counsel, including Mr. Coates, "are well qualified to serve as Interim Co-Lead Class Counsel and that they will fairly, adequately, responsibly, and efficiently represent all Plaintiffs in the Cases in that role.").

5. Mr. Joseph M. Lyon, my Co-Lead Class Counsel in this matter, is also very experienced with handling data breach and privacy class action cases. I have been appointed class counsel in several data breach class action including, among others: *Devine v. Health Aid of Ohio, Inc.*, No. CV-21-948117 (Cuyahoga County Court of Common Pleas, Ohio; co-lead counsel; Final Approval granted related to health care provider creating claims made settlement valued in excess of $12.5 million); *In re Southern Ohio Health Systems Data Breach*, No. A2101886 (Hamilton County, Ohio; co-lead counsel; final approval granted for $1.95 million common fund arising from data breach of health systems); *Engle v. Talbert House*, No. A 2103650 (Hamilton County, OH; co-lead counsel; final approval for data breach class action involving unauthorized disclosure of health care data establishing claims made process valued in excess of $50 million); *Culbertson v. Deloitte Consulting LLP*, 1:20-CV-3962 (S.D.N.Y.) (Plaintiffs' class counsel and discovery

4

committee; final approval of common fund for $4.95 million arising from data breach of unemployment benefits data system); *Rodriquez v. Professional Finance Company, Inc.*, No. 1:22-cv-01679-RMR-STV, ECF No. 23 (D. Colo.; court-appointed interim class counsel); *In re 20/20 Eye Care Network Inc. Data Breach Litigation*, No. 21-cv-61275 RAR (S.D. Fla.; Executive Committee) (preliminary approval granted for $3.0 million common fund); and *Baker v. ParkMobile, LLC*, No. 1:21-cv-02182 (N.D. Ga.; Steering Committee) (data breach impacting over 21 million customers).

6. As Class Counsel, Mr. Lyon and I sought to utilize the resources within Plaintiffs' counsel to efficiently litigate this matter on behalf of Plaintiffs. With this in mind, Mr. Lyon and I took substantial steps to remove the potential for duplication of work on behalf of Plaintiffs' counsel. For example, we divided up the research and drafting for certain sections of the response to Parker Hannifin's motion to dismiss, the preliminary approval filings, and the settlement negotiations. Furthermore, the drafting of the Motion for Attorneys' Fees, Expenses and Service Awards was assigned to certain of Plaintiffs' counsel to ensure there was no duplication of work. Furthermore, Class Counsel and Liaison Counsel attended the mediation with Mr. Picker to reduce the potential for duplicating work while ensuring that all Plaintiffs and their counsel were apprised about the status of settlement negotiations.

7. In striving to promote the efficient litigation of this case on behalf of Plaintiffs, Class Counsel made the executive decision to discard any time and lodestar that was incurred before June 15, 2022 – the date of this Court's consolidation order.

**CLASS COUNSEL'S ATTORNEYS' FEES & EXPENSES ARE REASONABLE**

8. Under the Settlement, Class Counsel may seek up to 1/3 of the Settlement Fund ($583,333.33) as attorneys' fees and up to $15,000.00 in expenses.

9. Class Counsel have undertaken this case on a contingency fee basis and have not received any payment for their work in this case to date and have not been reimbursed for any of their litigation expenses.

10. Courts within the Sixth Circuit routinely award attorneys' fees up to 1/3 of the common fund amount in class action settlements. *See e.g. In re Automotive Parts Antitrust Litigation*, No. 12-md-02311, 2022 WL 4385345, at *2 (E.D. Mich. Sept. 22, 2022) (noting that a fee request of 1/3 of the class action settlement fund "is within the range of fee awards made by courts in this Circuit."); *Walker v. Nautilus, Inc.*, No. 2:20-cv-3414-EAS (S.D. Ohio) (awarding attorneys' fees of 1/3 of the $4.25 million common fund); *Bechtel v. Fitness Equipment Services, LLC*, No. 1:19-cv-726-KLL (S.D. Ohio) (awarding attorneys' fees of 1/3 of the $3.65 million common fund); *Fields v. KTH Parts Industries, Inc.*, No. 3:19-cv-8, 2022 WL 3223379, at * 7-8 (S.D. Ohio Aug. 9, 2022) (finding that attorneys' fees that are 1/3 of the class action settlement fund are "normal"); *Davis v. Omnicare, Inc.*, No. 5-18-CV-142-REW, 2021 WL 1214501, at *11 (E.D. Ky. Mar. 30, 2021) (preliminarily approving attorneys' fees of 1/3 of the class action settlement fund).

11. Plaintiffs' Counsel, including Class Counsel, have spent significant time and expenses pursuing this matter on behalf of the Class. From June 15, 2022, to roughly the present, Plaintiff's Counsel have spent more than 900 hours for a lodestar exceeding $583,333.33, and incurred expenses of $14,981.67 directly related to this litigation. The hourly rates that form the basis of the lodestar calculation reflect the experience of Class Counsel and co-counsel and have been previously approved by other courts. The reasonable expenses incurred all relate to this litigation and were necessary for the quality of result achieved. For example, my firm incurred the majority of expenses of $9,626.87 consisting of a $7,500.00 payment to the mediator, $1,923 in

filings fees for complaints and admission applications, $11.67 in Pacer and research costs, $28.45 in FedEx costs, and $163.75 estimated mileage reimbursement for traveling to the August Final Approval Hearing based on the number of miles from Cincinnati to Cleveland at the federal mileage reimbursement rate. The remaining roughly $5,354.80 in expenses from the other firms representing Plaintiffs in this matter consist of filings fees for the underlying complaints, research costs, copying and admission applications. Given that there were six underlying complaints that were consolidated into this proceeding and mediation alone was $7,5000, Plaintiffs' expenses of $14,981.67 are entirely reasonable and warrant reimbursement.

12. Class Counsel will continue to expend substantial additional time and other minimal expenses continuing to protect the Class's interest through the Final Approval Hearing and throughout settlement administration. Class Counsel believe that the fee request of $583,333.33 and expenses of $14,981.67 are reasonable and justified in this case.

## SIMILAR DATA BREACH SETTLEMENTS

13. Class Counsel's opinion that this $1,750,000 Settlement is fair and reasonable for the approximately 115,000 Class Members is informed by other data breach class action settlements based on the per class member recovery amount. For example, the following chart identifies the per class member value based on the common fund settlement amount for certain recent cases that also involved sensitive, private information such as Social Security Numbers:

| Case Name | Case Number | Settlement Amount | Class Size | Per Person |
|---|---|---|---|---|
| *Reynolds v. Marymount Manhattan College* | No. 1:22-cv-06846 (S.D.N.Y.) | $1,300,000 | 191,752 | $6.78 |
| *Julien v. Cash Express, LLC* | No. 2022-CV-221 (Putnam Cty., Tenn.) | $850,000 | 106,000 | $8.02 |
| *Tucker v. Marietta Area Health Care* | No. 2:22-CV-00184 (S.D. Ohio) | $1,750,000 | 216,478 | $8.08 |

| *Magliaccio v. Parker Hannifin Corp.* | No. 1:22-CV-00835 (N.D. Ohio) | $1,750,000 | 115,843 | $15.10 |

Class Counsel and Plaintiffs believe that the Settlement in this case is fair and reasonable in that it exceeds the settlement amount recovered per class member in other recent data breach class action settlements.

### THE CLASS REPRESENTATIVE SERVICE AWARDS OF $3,500.00 ARE REASONABLE AND JUSTIFIED

14. Plaintiffs have stayed informed about this litigation, reviewed and approved the settlement demand and final settlement amount and Settlement Agreement, and spent substantial time and effort protecting the Class's interests. They attended the December 2022 Zoom Status Conference with the Court and even interacted with the Court during that Status Conference. Accordingly, the $3,500.00 Class Representative Service Awards to the Class Representatives are reasonable given their efforts on behalf of the Class in this matter. Furthermore, the Class Representative Service Awards here are less than what has been preliminarily approved in other common fund data breach class action settlements. See *Lutz v. Electromed, Inc.*, No. 0:21-cv-02198 (D. Minn.) (preliminarily approving a class representative service award of $9,900 in a data breach class action).

15. Plaintiffs were informed about the status of settlement negotiations and remained engaged as the Class Representatives at all times during the pendency of this matter. They have no conflicts with the Class they represent. As indicated by their consent to the Settlement Agreement, Plaintiffs fully support the $3,500 Service Awards and Class Counsel's attorneys' fees request of $583,333.33 and request for reimbursement of litigation expenses of $14,981.67.

8

## THE SETTLEMENT IS FAIR, REASONABLE AND A SUBSTANTIAL RECOVERY FOR THE CLASS

16. Class Counsel and Counsel for Parker Hannifin believe the Settlement is fair, reasonable, and adequate.

17. Furthermore, in my experience in handling over 70 data breach class action cases for plaintiffs, I can confirm that the $1,750,000 non-reversionary common fund settlement is fair and reasonable for 115,843 Class Members. I am also aware that my co-counsel are litigating over 100 data breach class actions for plaintiffs and also opine that the Settlement is fair and reasonable.

I declare under penalty of perjury under the laws of the United States of America that the forgoing is true and correct.

Executed on May 29, 2023, at Cincinnati, Ohio.

>  */s/ Terence R. Coates*
>  Terence R. Coates (0085579)

9